UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE DEAN HOUREL, | ) | 1:12-cv-01534-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND (ECF No. 1) |
| v. | ) | |
| | ) | THIRTY-DAY DEADLINE |
| SALAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

I. **Screening Requirement and Standard**

Plaintiff Eddie Dean Hourel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 7, 2012, and the matter was transferred to this Court on September 17, 2012. Plaintiff's complaint is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Medical Facility in Vacaville, California.  The events complained about allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names (1) Correctional Officer Salas; (2) Correctional Officer Ramos; (3) Medical Doctor Chon Ho; (4) Physician's Assistant Junior Fortune; (5) PVSP CEO Anthony Lonigro; (6) PVSP Associate Warden J. Buckley; and (7) Health Care Appeals Coordinator H. Martinez as defendants.

Plaintiff's complaint is a long and somewhat rambling and repetitive narrative of various claims against different defendants.  A fair portion of the allegations are quotes and references to various exhibits, which are attached to the complaint and exceed 500 pages.  Given the lengthy and disjointed nature of the complaint, the Court summarizes Plaintiff's allegations as follows:

On June 23, 2011, Plaintiff was being rushed to San Joaquin Community Hospital to receive an emergency blood transfusion.  The van transport team of Defendants Ramos and Salas sped around a curve too fast and Plaintiff's chained and shackled wheelchair flipped over, slamming Plaintiff's head, neck, back and shoulders on the metal floor and side wall.  His knees,

ankles and wrists, including his right surgically-repaired wrist, were jerked and pulled by the handcuffs, causing pain. Plaintiff landed with his feet in the air. Defendants Ramos and Salas then pulled over to the side of the road, unlocked the security doors and pulled Plaintiff and his wheelchair back to its upright position.

Upon arrival at San Joaquin Community Hospital, Plaintiff reported symptoms of a severe migraine headache, right side neck pain with difficulty rotating to the right side, left shoulder pain, sore buttocks and tailbone, recoil and pain in both knees. Plaintiff's emphasis on his inability to rotate to the right side of his neck shifted staff focus to that area and they ordered diagnostics of the right, but not left side, despite Plaintiff's complaints about his left shoulder. Plaintiff also complained that the crash exacerbated his chronic back pains.

Plaintiff alleges that Defendants Ramos and Salas failed to comply with the state seat belt law, failed to properly inspect Plaintiff's wheelchair brakes, failed to properly secure his body and wheelchair to floor locks, and failed to familiarize themselves on installing and securing the wheelchair in vans with a hydraulic lift gate. Plaintiff asserts that these failures violated state and federal law and inflicted cruel and unusual punishment when the wheelchair flipped over and crashed. Plaintiff further complains that PVSP had not regularly inspected and maintained his wheelchair.

Following Plaintiff's return to prison, Plaintiff claims that senior medical and administrative staff defendants engaged in a concerted conspiracy to deny the accident injuries, limit medical liability and thwart Plaintiff's right to review and copy his medical records.

On October 11, 2011, Defendant Lonigro signed Plaintiff's second level denial of a request for referrals and diagnostic tests to "prove duplicity." (ECF No. 1, p. 14.) Plaintiff contends that Defendant Lonigro accurately reported Plaintiff's concerns of a cabal conspiracy.

On June 29, 2011, Plaintiff saw Defendant Ho at the clinic. Plaintiff alleges that Defendant Ho "inadvertently revealed" his participation in the conspiracy. (ECF No. 1, p. 15.) On that date, Defendants Lonigro, Fortune and Martinez quoted Defendant Ho's recall as "comprehensive" and "exhaustive." (ECF No. 1, p. 15.) However, Plaintiff claims that

3

Defendant Ho failed to examine Plaintiff's injuries or prepare a comprehensive or exhaustive treatment plan.

Plaintiff alleges that Defendant Buckley fraudulently asserted that Plaintiff's concerns were addressed and that Defendants Lonigro and Buckley both denied his appeal by stating that his claims were addressed and his care and treatment were sufficient. Plaintiff asserts that Defendants Lonigro and Buckley ignored the fact that Defendant Fortune's examination revealed tenderness, neck pain, back and shoulder pain, characterized by symptomatic swelling, and he prescribed Robaxin, a muscle relaxant. Defendants Lonigro and Buckley also failed to note in their denial that Defendants Ho and Fortune placed Plaintiff on 2 months mandatory bed rest from June 29, 2011 to August 29, 2011 to recuperate and heal from injuries, having all meals and medications delivered to the cell door.

Plaintiff claims that Defendants Lonigro, Ho, Fortune and Buckley ignored findings by San Joaquin Community Hospital of left shoulder pain, abrasions, tenderness and bleeding. Plaintiff also claims that they denied his requests for diagnostic exams to determine care and treatment and to provide evidence of internal injuries. Plaintiff argues that Defendants Lonigro and Buckley chose to focus on the result of his right side, despite Plaintiff's reports of injuries to his right and left side of the body and aggravation of chronic pains to his surgically altered left side. Plaintiff also takes issue with various findings in the final third level rejection and denial of his appeal.

Plaintiff claims that Defendant Martinez, the Appeals Coordinator, routinely and systematically rejected or delayed his appeals. Defendant Martinez also refused to allow Plaintiff's review and copying of medical files for eleven months until an attorney from the Prison Law Office intervened. Plaintiff further claims that Defendants Buckley and Lonigro ignored his requests.

Plaintiff asserts that Defendants Lonigro, Fortune, Ho, Buckley and Martinez demonstrated deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. As part of this claim, Plaintiff alleges that Defendant Martinez refused Plaintiff access to his medical records. He also alleges that Defendants Lonigro, Ho, Buckley,

Fortune and Martinez refused to refer Plaintiff for an MRI diagnostic exam of his left side injuries and refused to refer him to orthopedic and/or neurological specialists, which would have exposed new injuries and aggravated pains of old injuries.  Plaintiff alleges that he notified Defendants Lonigro, Buckley and Martinez, via grievances, of his inability to sit upright in a wheelchair for more than 15-20 minutes without a prescription of Neurontin and Morphine. Plaintiff alleges that his chronic back pains were so severe that epidural steroid injections were administered for 2 years and he suffers from chronic pain.  Plaintiff further claims that Defendants Lonigro, Buckley, Ho, Fortune and Martinez ignored the criteria for joint replacement.  Plaintiff indicates that a U.C. Davis orthopedic surgeon recommended both knee replacement surgeries following MRI findings of degenerative joint disease, degenerative disc disease, severe degenerative arthritis in both knees and a herniated disk.

Plaintiff claims that Defendants Buckley, Lonigro, Ho, Fortune and Martinez ignored Plaintiff's request for return of his back brace.  Plaintiff was wearing the back brace when the van rounded the curve too fast, but it was confiscated.  Plaintiff alleges that a replacement was authorized by non-parties and delivered to Plaintiff on February 17, 2009.  Plaintiff also alleges that Defendant Lonigro wrongly denied his appeals.

Plaintiff further claims that Defendants Lonigro, Buckley, Martinez, Ho and Fortune's indifference "proved sadistic" when Plaintiff was transferred to RJD, San Diego on January 31, 2012.  Plaintiff alleges that RJD medical staff continued the deliberate indifference, which Plaintiff believes occurred because he had filed a tort claim and the appeal reviewer had contacted RJD medical staff and discussed the tort claim.  Plaintiff now contends that due to the deliberate indifference he has left-side neurological sensory motor anomalies.

Plaintiff lists the following six counts:  (1) denial of right to medical care by Defendants Lonigro, Buckley, Ho, Fortune and Martinez; (2) denial of access to courts/due process by Defendants Martinez, Lonigro, and Buckley; (3) denial of free speech by Defendants Martinez and Lonigro; (4) cruel and unusual punishment by Defendants Lonigro, Buckley, Ho, Fortune and Martinez; (5) negligence and reckless endangerment by Defendants Lonigro, Ramos and

Salas; and (6) violation of the Americans with Disabilities Act by Defendants Lonigro, Buckley, Martinez, Fortune and Ho.  (ECF No. 1, p. 4.)

Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

### III.     Deficiencies of the Complaint

As Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards for his constitutional claims.[1]

#### A.   Pleading Standards

##### 1.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is rambling and, in parts, difficult to understand.  Although his description of the van incident is described in detail, his remaining allegations are conclusory, disjointed, repetitive and full of unnecessary quotes and references.  This Court maintains one of the highest caseloads in the nation and will not expend time and judicial resources combing through Plaintiff's complaint and extensive exhibits to determine whether he states a cognizable claim.  Accordingly, if Plaintiff chooses to amend his complaint, he should make the amendment as straightforward and concise as possible.  Plaintiff should state clearly which of his rights he believes were violated and how those rights were violated by defendants.

---

[1] Plaintiff's complaint includes a state law negligence claim.  The Court does not provide the relevant standard for this claim as Plaintiff has failed to state a cognizable section 1983 claim to support this action.

### 2. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for different incidents at different times.  For example, Plaintiff complains about the incident in the transport van involving Defendants Ramos and Salas while simultaneously complaining about general interference with his grievances by Defendant Lonigro.  Plaintiff may not pursue unrelated claims against different defendants in a single action.  If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### B. Constitutional Claims

### 1. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Plaintiff states that he is asserting a claim for denial of his right to medical care by Defendants Lonigro, Buckley, Ho, Fortune and Martinez and a claim for cruel and unusual punishment by Defendants Lonigro, Buckley, Ho, Fortune and Martinez**.**  Both of these claims appear to derive from Plaintiff's allegations of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious

7

medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).  Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer, 511 U.S. 825 at 837.

Although not entirely clear, Plaintiff appears to allege that Defendants Lonigro, Buckley, Ho, Fortune and Martinez failed to provide him with requested diagnostic testing, specialist referrals and certain pain medications.  At best, these allegations suggest a difference of opinion between Plaintiff and prison medical staff, namely Defendants Ho and Fortune, regarding the appropriate medical diagnosis and course of treatment.  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Further, a prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution. See Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986).

Moreover, Plaintiff's allegations, including those related to his back brace, primarily include quotes from various medical reports and notes, but lack sufficient factual detail to state a cognizable deliberate indifference claim against the individual defendants.  At a minimum, Plaintiff's complaint lacks necessary details regarding dates, events and treatments provided to Plaintiff and by whom.

Insofar as Plaintiff's deliberate indifference claim against Defendants Lonigro, Buckley and Martinez stems from their review of his inmate grievances, these allegations are not sufficient to state a claim for deliberate indifference to serious medical need.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed.  Ramirez v.

Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, Plaintiff has not stated a cognizable claim arising out of the screening and reviewing of his grievances.

Plaintiff will be given leave to amend his complaint and cure these deficiencies.

2. **Eighth Amendment - Cruel and Unusual Punishment**

Plaintiff claims that Defendants Ramos and Salas subjected him to cruel and unusual punishment when his wheelchair flipped over and crashed.

To violate the Eighth Amendment's prohibition of cruel and unusual punishment, a prison official must have a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A showing of negligence or gross negligence is not sufficient. Id. at 835–36; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Rather, a prisoner must show that the defendant acted with "deliberate indifference" to his health or safety. Farmer, 511 U.S. at 834. To do so, the prisoner must establish that the defendant knew of and disregarded an excessive risk to his health or safety. Id. at 837, 842 (knowledge can be inferred from the obviousness of the risk). A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. Id. at 844.

Here, Plaintiff has not alleged sufficient facts demonstrating that Defendants Ramos and Salas knew of and disregarded a serious risk to Plaintiff's health and safety. There is no indication in Plaintiff's complaint that Defendants Ramos and Salas were aware that Plaintiff was improperly secured in the van or that his wheelchair would flip when they sped around a curve while transporting Plaintiff to the hospital for emergency treatment. At best, Plaintiff has alleged that Defendants Ramos and Salas were negligent, which does not rise to the level of a constitutional violation.

Plaintiff will be given leave to amend this claim.

///

///

### 3. Access to Courts

Plaintiff states that he is alleging a claim for denial of his right to access the courts against Defendants Martinez, Lonigro, and Buckley.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

The basis of Plaintiff's access to court claim is unclear. Plaintiff has not included any allegations in his complaint regarding a denial of access to the courts related to a frustration or hindrance of future claim or the loss of a meritorious suit that cannot now be tried. To the extent Plaintiff attempts to base this claim on the failure of defendants to process his grievances, he does not state a cognizable claim. Buckley, 997 F.2d at 495.

Plaintiff will be given leave to amend this claim to the extent that he is able to do so.

### 4. First Amendment

Plaintiff states that he is alleging a denial of free speech by Defendants Martinez and Lonigro. Plaintiff's complaint lacks sufficient allegations to allow the Court to determine the basis of this claim. To the extent it is based on the processing of his grievances, Plaintiff cannot state a cognizable constitutional claim. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640; see also Buckley, 997 F.2d at 495.

### 5. Americans with Disabilities Act

Plaintiff claims a violation of the Americans with Disabilities Act ("ADA") by Defendants Lonigro, Buckley, Martinez, Fortune and Ho.

Title II of the ADA prohibits discrimination on the basis of disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); see also Simmons, 609 F.3d at 1021.

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion, denial of benefits, or discrimination was by reason of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.; Simmons, 609 F.3d at 1022. The treatment or lack of treatment of a plaintiff's disability does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (ADA claim cannot be based upon medical treatment decisions); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

The basis of Plaintiff's ADA claim is unclear.  Moreover, Plaintiff cannot bring an ADA claim against prison officials in their individual capacity, as the proper defendant is the public entity responsible for the alleged discrimination.  See, e.g. Anaya v. Herrington, 2010 WL 4942214, *4 (E.D. Cal. Nov. 30, 2010); Linthecome v. Junious, 2012 WL 1458095, *3 (E.D. Cal. Apr. 26, 2012).  "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

**6.  Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share

the common objective of the conspiracy.'" <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, Plaintiff fails to allege any plausible factual support for his claim of conspiracy. Although Plaintiff endeavors to connect the defendants based on statements in his appeals related to his medical treatment, this alone is not sufficient to establish "an agreement" or "meeting of the minds." The Court therefore finds that Plaintiff has failed to state a claim for conspiracy. <u>See</u> <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

## IV.    Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims. Additionally, Plaintiff's complaint should comply with the joinder requirements of Federal Rule of Civil Procedure 18. Given this limitation, Plaintiff's complaint should not exceed twenty-five (25) pages.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Plaintiff's amended complaint also should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order;
3. Plaintiff's complaint must comply with Fed. R. Civ. P. 8 and 18 and may not exceed twenty-five (25) pages; and
4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE