UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE DEAN HOUREL, | 1:12-cv-01534-BAM-(PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| SALAS, et al., | (ECF No. 14) |
| Defendant. | |

Plaintiff Eddie Dean Hourel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2013, the Court dismissed Plaintiff's complaint with leave to amend within thirty days after service. (ECF No. 13.) On November 18, 2013, Plaintiff filed the instant motion for appointment of counsel. (ECF No. 14.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

1

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, and without the benefit of an operative complaint, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Id. Additionally, based on a review of the record, there is no indication that Plaintiff is unable to articulate his claims. Although Plaintiff complains of partial paralysis of his right hand, Plaintiff was not prevented from filing the instant motion totaling 66 pages, including exhibits, or other pleadings in this action. To the extent Plaintiff requires additional time because of his hand, prison transfers or limited access to the law library or legal materials, Plaintiff is not precluded from seeking appropriate extensions of relevant deadlines pursuant to Federal Rule of Civil Procedure 6.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 20, 2013**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE